# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAZDAR ALZAYADIE,<br><br>                        Plaintiff,<br>vs.<br><br>MICHAEL ASTRUE,<br><br>                        Defendant. | CASE NO. 09-CV-1886 JLS (JMA)<br><br>**ORDER: GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**<br><br>(Doc. No. 30) |

      Presently before the Court is Plaintiff Nazdar Alzayadie's amended motion for attorney's fees. (Doc. No. 30.) Also before the Court are Defendant Michael Astrue's opposition (Doc. No. 32 (Opp'n)) and Plaintiff's reply (Doc. No. 34 (Reply)). Having considered the parties' arguments and the law, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion.

## BACKGROUND

      On August 11, 2010, the Court granted Plaintiff's motion for summary judgment after finding that Plaintiff is disabled and entitled to social security benefits. (Doc. No. 26 (Order Adopting R&R), at 1–2.) The Court concluded that the administrative law judge erred in upholding Defendant's denial of benefits. (*Id.*) After judgment was entered in her favor, Plaintiff timely filed the instant motion.

## LEGAL STANDARD

      Under the Equal Access to Justice Act (EAJA), a party who prevails in an action seeking reversal of a government agency's decision is entitled to attorney's fees unless the government establishes that (1) its position was substantially justified or (2) special circumstances make the award

1 for fees unjust. 28 U.S.C. § 2412(d)(1)(A).[1]

## ANALYSIS

Before discussing points of contention, the Court clarifies what is not at issue in this motion. Both parties agree that Plaintiff is a "prevailing party" within the meaning of § 2412. (Doc. No. 30-1 (P. & A.), at 3–4; Opp'n 1.) Both parties also agree that Defendant has not established that (1) his position was substantially justified or (2) special circumstances make the award for fees unjust. (P. & A. 4–8; Opp'n 1.)

In short, neither party disputes, and the Court agrees, that Plaintiff is entitled to attorney's fees. (P. & A. 15; Opp'n 8.) Defendant insists, however, that the requested fees and costs are not reasonable because (1) the hours billed are excessive, (2) the hourly rate at which Plaintiff billed is excessive, and (3) Plaintiff has not properly documented costs. (Opp'n 2–9.) Defendant also insists that any fees awarded should be made payable to Plaintiff, not Plaintiff's attorney, Ms. Manbeck. (*Id.* at 9.) The Court addresses each contention in turn.

**1. Hours Billed**

Under the EAJA, a plaintiff may recover attorney's fees for hours "reasonably expended on the litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Ms. Manbeck claims she spent sixty-nine hours working on this case.[2] (P. & A. 15.) Defendant offers several reasons why this total is unreasonable. (Opp'n 4–8.)

Defendant initially relies on caselaw suggesting that "routine" social security cases such as this one can be reasonably litigated in fifteen to thirty hours. (Opp'n 4.) But those cases hardly establish a consensus, and several of them hail from outside the Ninth Circuit. More persuasive is Plaintiff's citation to Ninth Circuit cases that have found fifty hours or more to be a reasonable time in which to litigate social security cases. *See, e.g.*, *Mendoza v. Bowen*, 701 F. Supp. 1471, 1472 (N.D. Cal. 1988) (50 hours). The Court's independent research also discloses cases upholding as reasonable sixty

---

[1] All further statutory references are to Title 28 of the United States Code, unless otherwise indicated.

[2] Included in the sixty-nine hours are the five hours that Ms. Manbeck spent preparing Plaintiff's reply. Plaintiff requests an additional $630 for those five hours. (Reply 1.) Although Defendant has not had the opportunity to address this request, the Court presumes that Defendant would challenge these hours as unreasonable.

1   hours or more spent litigating social security cases.  *See, e.g.*, *Steen v. Astrue*, 2009 WL 1468791, at
2   *1 (N.D. Cal. May 26, 2009) (69 hours); *Sanfilippo v. Astrue*, 2009 WL 528926, at *3 (S.D. Cal. Mar.
3   2, 2009) (72 hours); *Nayab v. Astrue*, 2008 WL 4748172, at *3 (S.D. Cal. Oct. 28, 2008) (73 hours).

4         Defendant also contends that Ms. Manbeck simply spent too much time on this routine case.
5   (Opp'n 5–8.)  Although Defendant variously attempts to color the time billed as excessive, the entries
6   themselves are not inherently unreasonable.  Any argument to the contrary ignores the size of the
7   record (over 500 pages), Ms. Manbeck's thorough briefing of the issues, and the complete success that
8   Ms. Manbeck achieved for her client.  The Court is hesitant to penalize whatever inefficiency Ms.
9   Manbeck exhibited in obtaining such a favorable result.

10         Finally, Defendant argues Ms. Manbeck improperly billed for clerical tasks, namely, preparing
11   *in forma pauperis* materials and filing documents with the court.  (Opp'n 5–6.)  The Court agrees that
12   these tasks are not compensable under federal fee shifting statutes.  *See Missouri v. Jenkins*, 491 U.S.
13   274, 288 n.10 (1989); *Costa v. Astrue*, 2011 WL 221837, at *2 (D. Or. Jan. 18, 2011) (deducting time
14   spent filing document); *Mauzy v. Astrue*, 2010 WL 2521425, at *6 (N.D. W. Va. June 21, 2010)
15   (deducting time spent preparing *in forma pauperis* materials); *Fouissi v. Astrue*, 2008 WL 2018344,
16   at *1 (E.D. Cal. May 6, 2008) (deducting time spent filing motion).  Deducting hours spent on these
17   tasks is difficult, however, because Ms. Manbeck's billing entries do not differentiate between time
18   spent on legal matters and clerical tasks.  (*See* Doc. 30-2 (Manbeck Decl.), at 3.)  Under these
19   circumstances, the Court deducts two hours from the undifferentiated four hours billed on legal and
20   clerical matters.

21   **2. Hourly Rate**

22         Under the EAJA, a court may not award attorney's fees in excess of $125 per hour unless it
23   determines that an increased cost of living or special factor justifies the higher fee.  § 2412(d)(2)(A).
24   Plaintiff argues that an increased cost of living and special factors justify departure from the $125-per-
25   hour cap.  (P. & A. 9–13.)

26   *A. Cost of Living*

27         In calculating the cost-of-living increase, the Court must multiply the $125-per-hour cap by
28   the annual average consumer price index for all urban consumers for the years in which the attorney

1 performed work in the matter. *See Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005). 2 The Ninth Circuit has established adjusted maximum rates for work performed in 2009 and 2010, the 3 years for which Plaintiff seeks recovery.[3] Those rates are $172.24 and $175.06[4] per hour, respectively. 4 The Court will award fees to Plaintiff in accordance with these rates.

### B. Special Factors

Plaintiff seeks a $50-per-hour rate enhancement for a "special factor," namely, the expertise with which Ms. Manbeck represents refugees in social security cases. (P. & A. 10.) A court may award a "special factor" enhancement if the party seeking it establishes that (1) her attorney possessed distinctive knowledge and skills in the practice area that (2) were necessary to the litigation in question and (3) could not be obtained elsewhere at the statutory rate. *Pirus v. Bowen*, 869 F.2d 536, 541–42 (9th Cir. 1989); *Love v. Reilly*, 924 F.2d 1492, 1496 (9th Cir. 1991). Plaintiff has failed to satisfy this burden.

Ms. Manbeck has not sufficiently explained why her expertise in "war refugees' culture" is "necessary" to the underlying litigation in this matter. (*See* P. & A. 10–12.) The only connective link that Ms. Manbeck articulates—the "ability to empathize" with her client—is not only unpersuasive, but wholly unsubstantiated. As another court put it, "Ms. Manbeck fails to allege, much less demonstrate, that she possesses distinctive knowledge . . . in Plaintiff's Iraqi culture . . . . Even if she had, Ms. Manbeck fails to demonstrate how this expertise was necessary to this litigation, other than the obvious fact that Plaintiff h[er]self hails from Iraq." *Jawad v. Barnhart*, 370 F. Supp. 2d 1077, 1089 (S.D. Cal. 2005) (citing *Pierce v. Underwood*, 487 U.S. 552, 572 (1988)).

Ms. Manbeck also has not demonstrated why Plaintiff could not have retained other counsel with similar skills at the statutory rate. The speech barrier that would have made it difficult for Plaintiff to seek counsel elsewhere is the same barrier with which Ms. Manbeck must deal because, as she admits, she does not speak Plaintiff's language either. (Opp'n 3 n.2.) Further, Ms. Manbeck

---

[3] *See Statutory Maximum Rates Under the Equal Access to Justice Act*, U.S. Cts. for the Ninth Circuit, http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited Feb. 17, 2011).

[4] *Id.* Plaintiff contends the adjusted hourly rate for 2010 is $174.64. (P. & A. 9.) Recently, however, the rate was increased to $175.06 in order to reflect current cost-of-living.

assumes too much in attributing her success in litigating social security cases to the "simpl[e]" fact that she provides "unique services not otherwise available to war refugees." (P. & A. 12.) Without more, her request for an enhancement must be declined.

**3. Costs**

A prevailing party may recover expenses necessary to prepare the case. § 2412(d)(2)(A). Plaintiff requests reimbursement for $250 in copying costs, $50 in phone bills, and $50 in postage costs. (P. & A. 13.) Defendant contends, however, that Plaintiff has failed to provide adequate documentation verifying these expenses. (Opp'n 8–9.) Because Plaintiff has not, the Court declines to award Plaintiff a $350-reimbursement for costs. *See Nayab*, 2008 WL 4748172, at *6 (denying plaintiff's request on similar facts).

**4. Plaintiff's Assignment of Rights to Counsel**

Plaintiff requests that the award be paid directly to Ms. Manbeck and provides the Court with an affidavit assigning the EAJA fees to Ms. Manbeck. (Doc. No. 33 (Alzayadie Aff.).) Defendant argues that the assignment is irrelevant because the Supreme Court has recently held that an EAJA fee award is payable to the litigant. (Opp'n 9 (citing *Astrue v. Ratliff*, — U.S. —, 130 S. Ct. 2521, 2529 (2010)).)

In *Ratliff*, the Supreme Court resolved a split among the federal circuits as to the proper payee of EAJA fees. *Ratliff*, — U.S. —, 130 S. Ct. at 2525. The Court held that EAJA fees are payable to the claimant himself, not his attorney, and are "therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Id.* at 2524. In ruling, the Court noted that the government has historically made direct payments to attorneys "only in cases where the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney." *Id.* at 2529 (internal quotation marks omitted).

In the eight months since the Court decided the issue, several courts have declined to read *Ratliff* as precluding payment arrangements between the claimant and his attorney. *See, e.g.*, *Castaneda v. Astrue*, 2010 WL 2850778, at *3 (C.D. Cal. July 20, 2010). But those decisions are instructive only insofar as the claimant does not owe a debt to the government. *See Ramsey v. Astrue*, 2011 WL 198110, at *3 n.4 (W.D.N.C. Jan. 19, 2011) (collecting cases enforcing assignment if and

1 only if no debt is found to exist). In this case, whether Plaintiff owes a debt to the government is
2 unknown, and the Court is hesitant to delve into the logistics of determining whether an offset-
3 qualifying debt exists.[5] Under these circumstances, the assignment cannot be honored.

### CONCLUSION

For the reasons stated, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for attorney's fees. Because no special factor exists in this case, the Court only enhances the attorney's fee award for cost of living. As previously discussed, the enhanced hourly fee is $172.24 for work performed in 2009 and $175.06 for work performed in 2010. Ms. Manbeck billed twelve hours in 2009 and fifty-two hours in 2010. The Court deducts two hours from the time Ms. Manbeck spent on clerical tasks undertaken in 2009 and 2010. The Court also denies Plaintiff's request for costs. Accordingly, the Court awards Plaintiff attorney's fees totaling $11,452.70, which includes (1) $1,894.64 for work performed in 2009, (2) $8,928.06 for work performed in 2010, and (3) $630 for preparing Plaintiff's reply. The award is payable to Plaintiff, not Ms. Manbeck.

**IT IS SO ORDERED.**

DATED: March 14, 2011

_Janis L. Sammartino_
Honorable Janis L. Sammartino
United States District Judge

---

[5] *See Preston v. Astrue*, 2010 WL 3522156, at *2 (M.D. Fla. Sept. 8, 2010) ("In light of *Ratliff*, this Court finds it a better practice to simply award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees. It is not the duty of the Court to determine whether Plaintiff owes a debt to the government that may be satisfied . . . . The Court leaves it to the discretion of the Commissioner to determine whether to honor Plaintiff's assignment of EAJA fees."); *Young v. Commissioner*, 2010 WL 3043428, at *2 (M.D. Fla. July 30, 2010) ("While Plaintiff's counsel presented a document executed by Plaintiff that purports to assign future EAJA fees, nothing in the record supports a determination that Plaintiff does not currently owe a federal debt. Therefore, the attorney's fees awarded under the EAJA shall be payable directly to Plaintiff.").